THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR17-0310-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MATTHEW HARBERT, | |
| Defendant. | |

This matter comes before the Court on the Government's motion for entry of a final order of forfeiture (Dkt. No. 43). The Government seeks forfeiture to the United States as to the following property:

1. Dell Laptop #8842982654;
2. Alcatel cellular telephone;
3. ZTE-Qlink cellular telephone;
4. Toshiba external hard drive #MK8034GSX;
5. External hard drive #EX1SA1YSKG;
6. Targus USB drive #1009007005;
7. Two unlabeled USB drives;
8. External hard drive #8SSH20D77046W2MP53AET42; and
9. Three Sandisks.

The Court, having considered the Government's motion and the relevant record, hereby FINDS that entry of a final order of forfeiture is appropriate for the following reasons:

1. On December 6, 2017, Defendant was charged by indictment with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2), (Dkt. No. 10 at 1–2);

2. On October 29, 2018, Defendant pled guilty to the charged offense of possession of child pornography, (Dkt. No. 24);

3. On May 21, 2019, the Court entered a preliminary order of forfeiture finding the above-listed property forfeitable pursuant to 18 U.S.C. § 2253(a) and forfeiting Defendant's interest in it, (Dkt. No. 37);

4. Thereafter, the United States published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), (Dkt. No. 42), and also attempted to provide notice to a potential claimant as required by Federal Rule of Criminal Procedure 32.2(b)(b)(A), which was returned as undeliverable, (Dkt. No. 43-1 at 1–2, 4–6); and

5. The time for filing third-party petitions has expired, and none were filed.

Given the Court's findings, the Court hereby GRANTS the motion (Dkt. No. 43) and ORDERS that:

1. No right, title, or interest in the above-listed property exists in any party other than the United States;

2. The above-listed property is fully and finally condemned and forfeited, in its entirety, to the United States; and

3. The United States Department of Homeland Security, and/or its representatives, are authorized to dispose of the property in accordance with the law.

//

//

ORDER
CR17-0310-JCC
PAGE - 2

1    DATED this 30th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE